**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 99-4366

ARNOLD LORENZO PAIGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-98-324-1)

Submitted: June 20, 2000

Decided: September 20, 2000

Before MURNAGHAN,* NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Bruce Park, LANGE & PARK, Charlotte, North Carolina, for
Appellant. Kenneth Michel Smith, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

*Judge Murnaghan was assigned to the panel in this case but died prior
to the time the decision was filed. The decision is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arnold Lorenzo Paige appeals his jury conviction and resulting one hundred month sentence for assault on jail personnel in violation of 18 U.S.C.A. § 111 (West 2000). We affirm.

Paige's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in allowing testimony that no disciplinary action was taken against the jail officers involved in the case and whether the court erred in concluding as a matter of law that the officers were assisting the United States Marshal's Office at the time of the assault.

We have reviewed the record and find the court did not abuse its discretion in admitting evidence that no disciplinary action was taken against the officers. See United States v. Patterson, 150 F.3d 382, 387 (4th Cir. 1998), cert. denied, 525 U.S. 1086 (1999). We also find the court properly concluded the officers were assisting the Marshal's Office at the time of the assault. See United States v. Murphy, 35 F.3d 143, 145-47 (4th Cir. 1994).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Paige's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See 4th Cir. R. 46(d). Counsel's motion must state that a copy thereof was served on the client. See id.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED